**George Oladele OJEMEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 12–3850.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 1, 2013.

Opinion filed: July 3, 2013.

George Oladele Ojemen, Philipsburg, PA, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Justin R. Markel, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

George Oladele Ojemen petitions for review of the final removal order of the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

Ojemen is a native and citizen of Nigeria. He entered the United States in 1989 as a visitor and adjusted his status in 1993 to lawful permanent resident. Since then, Ojemen was convicted of several federal fraud offenses, including convictions in 2006 and 2011 for mail fraud, identity theft, and other charges. For the 2011 convictions, he was sentenced to sixty-five months of imprisonment. His removal proceedings began in 2009, and he was charged with several grounds of removability, including conviction of an aggravated felony (8 U.S.C. § 1227(a)(2)(A)(iii)) and conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct (8 U.S.C. § 1227(a)(2)(A)(ii)). The Immigration Judge ("IJ") sustained the removability charges and concluded that Ojemen was ineligible for asylum and withholding of removal due to his "particularly serious crime." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), and 1231(b)(3)(B)(ii). Ojemen pursued deferral of removal relief under the United Nations Convention Against Torture ("CAT"),[1] claiming that he would be subject to torture by Nigerian

---

1. Ojemen has not challenged the finding of removability or of ineligibility for other forms of relief, either before the agency or in this petition for review.

officials based on his former membership in the Movement for Survival of Ogoni People ("MOSOP") and an outstanding 1994 Nigerian warrant for his arrest.

After considering Ojemen's testimony and documentary evidence in the record, the IJ found that Ojemen did not meet his burden to show that it was more likely than not that he would be tortured upon returning to Nigeria. The IJ denied the deferral of removal request and ordered Ojemen's removal. The BIA affirmed the IJ's decision and dismissed Ojemen's appeal, rejecting Ojemen's various arguments.[2] This petition for review followed.

We have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal. Because Ojemen is removable due to his aggravated felony conviction, our jurisdiction is limited to review only constitutional or legal questions raised in his petition for review. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir.2008). We review them de novo. *See id.* Our review is of the BIA's decision, though we review the IJ's ruling to the extent that the BIA deferred to it or relied on specific portions of the IJ's analysis. *See Oliva–Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir.2012).

We begin with Ojemen's argument that the agency's adverse credibility determination was erroneous. However, as explained by the BIA, although the IJ noted some inconsistencies between Ojemen's testimony and his written claim, the IJ did not make an adverse credibility finding in his case. Even if an adverse credibility finding were at issue here, we would lack jurisdiction to review Ojemen's arguments on the topic because adverse credibility findings are factual findings, not legal or constitutional questions. *See Abulashvili v. Att'y Gen.*, 663 F.3d 197, 202 (3d Cir. 2011) (adverse credibility findings are factual findings).

Ojemen also asserts that the BIA applied an incorrect standard for determining his CAT deferral of removal claim, arguing that the standard under *Kaplun v. Attorney General*, 602 F.3d 260, 271–72 (3d Cir.2010), involves inquiry into what is likely to happen to the petitioner if removed (a factual inquiry reviewed for clear error), and whether what is likely to happen amounts to torture (a legal inquiry reviewed de novo). We discern no error, given that the BIA enunciated and applied *Kaplun* in reviewing the IJ's factual findings, including that (1) there was no evidence that the Nigerian government is likely to execute the 1994 arrest warrant, assuming that it even exists; (2) the Nigerian government has changed several times since 1994; and (3) there was no evidence in the record that MOSOP or its members currently have any problems with the Nigerian government. In addition, upon review of the record, we are not persuaded by Ojemen's contention that the agency failed to consider all of his evidence, including the affidavit of Efiong Benson.[3]

---

2. The BIA noted that, to the extent that Ojemen attempted to raise a new claim that his criminal record places him at risk for detention and torture by Nigerian police, the claim would not be addressed for the first time on appeal. Ojemen clarifies in his brief to this Court that he makes no such claim. *See* Petitioner's Brief, Mem. at 19.

3. Ojemen contends that the agency failed to acknowledge Mr. Benson's affidavit, in which Benson attests to abuse he suffered as a MOSOP member at the hands of the Nigerian government between 1994–2002. Ojemen is mistaken. The record reflects that the IJ considered and questioned Ojemen about Benson's affidavit at the merits hearing, and the BIA specifically considered the affidavit in its decision. *See* A.R. 3–4, 133–35.

Finally, Ojemen argues that we should remand his case based on our recent decision in *Hanif v. Attorney General*, 694 F.3d 479 (3d Cir.2012), to assess his eligibility for waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). However, as Ojemen admits in his brief, he did not pursue a section 212(h) waiver during the agency proceedings. Because he did not exhaust his administrative remedies on this issue, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).[4]

For the foregoing reasons, we conclude that Ojemen has not presented any viable claims in his petition for review. We will dismiss the petition for review in part to the extent that we lack jurisdiction, and we will deny it in part.

---

**4.** Citing 8 C.F.R. § 1003.2(a), (c)(3)(iii), the Government notes that Ojemen may seek to reopen his removal proceedings before the BIA for consideration of his section 212(h) eligibility in light of *Hanif*. We make no comment on the availability or merit of any such motion.